UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ADMIRAL INSURANCE COMPANY, | § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. _____ |
| NATURAL THOUGHTS, INC. DBA BIOTONE; KATHY JO WELTY; AND DEBORAH KEY, | § § § § | **JURY DEMAND** |
| Defendants. | § § | |

**ADMIRAL INSURANCE COMPANY'S ORIGINAL
COMPLAINT AND REQUEST FOR A DECLARATORY JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, Admiral Insurance Company, the Plaintiff in this cause ("Admiral"), and files this Original Complaint and Request for a Declaratory Judgment against the Defendants, Natural Thoughts, Inc. dba Biotone ("Natural Thoughts, Inc."); Kathy Jo Welty; and Deborah Key; and in support thereof, would respectfully show the following:

**I.
PARTIES**

1.  Plaintiff, Admiral Insurance Company, is a Delaware corporation with its principal place of business in Scottsdale, Arizona.

2.  Defendant, Natural Thoughts, Inc. dba Biotone, is a California corporation with its principal place of business in San Diego, California. Defendant may be served with process in this matter through its registered agent for service of process, Jean Shea, 4757 Old Cliffs Road, San Diego, California, 92120. Plaintiff requests the issuance of a summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.

3. Defendant, Kathy Jo Welty, is an individual who resides in Harris County, Texas. Said Defendant may be served with process in this matter at her home address, 10200 Tate Court, Conroe, Texas 77385, or wherever she may be found. Plaintiff requests the issuance of a summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.

4. Defendant, Deborah Key, is an individual who resides in Harris County, Texas. Said Defendant may be served with process in this matter at her home address, 12722 Ashford Brook Drive, Houston, Texas 77082, or wherever she may be found. Plaintiff requests the issuance of a summons pursuant to Rule 4 of the Federal Rules of Civil Procedure.

## II.
## JURISDICTION AND VENUE

5. Plaintiff, Admiral Insurance Company, is a Delaware corporation with its principal place of business or principal office in Arizona. Therefore, for diversity of citizenship purposes, Plaintiff is a citizen of the states of Delaware and Arizona.

6. Defendant, Natural Thoughts, Inc. dba Biotone, is a California corporation with its principal place of business in California. Therefore, for diversity of citizenship purposes, it is a citizen of California.

7. Defendant, Kathy Jo Welty, is a natural person who is domiciled in Harris County, Texas. Therefore, for diversity of citizenship purposes, she is a citizen of Texas.

8. Defendant, Deborah Key, is a natural person who is domiciled in Harris County, Texas. Therefore, for diversity of citizenship purposes, she is a citizen of Texas.

9. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because no Defendant is a citizen of any state of which the Plaintiff is also a citizen, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

10. The Court has personal jurisdiction over Defendant, Natural Thoughts, Inc., because it has continuous, systematic contacts with Texas, and this cause of action is related to that activity; namely, according to the underlying state court lawsuit which gives rise to this insurance coverage action, Natural Thoughts, Inc. is alleged to have advertised, promoted, distributed, marketed and sold massage therapy products to consumers, including massage therapists, in the state of Texas.

11. The Court has personal jurisdiction over Defendant, Kathy Jo Welty, because she is domiciled and resides in Conroe, Texas.

12. The Court has personal jurisdiction over Defendant, Deborah Key, because she is domiciled and resides in Houston, Texas.

13. Venue is proper in this district under 28 U.S.C. § 1391(b), because the Defendants are subject to the court's personal jurisdiction in this district with respect to the civil action in question, and a substantial part of the events or omissions giving rise to this action occurred in the Southern District of Texas.

## III.
## RELEVANT FACTS

14. Admiral issued a commercial general liability insurance policy to Defendant, Natural Thoughts, Inc. dba Biotone, as the Named Insured, under Policy No. CA000036575-01 ("Policy"). A true and correct copy of the Policy is attached hereto as Exhibit "A."[1] The Policy was effective from November 7, 2019 to November 7, 2020 ("Policy Period"), and is subject to a Retroactive Date of November 7, 2019. In addition, the Policy contains certain

---

[1] *See* Exhibit "A." Information regarding the Policy premiums has been redacted.

provisions in Coverage D for Health, Nutrition and Lifestyle Professional Liability Insurance Coverage.

15. On November 16, 2020, Defendants, Kathy Jo Welty and Deborah Key (the "Underlying Plaintiffs"), filed a lawsuit against Natural Thoughts, Incorporated dba Biotone, and certain other defendants, under Cause No. 2020-73720, in the 133rd Judicial District Court of Harris County, Texas (the "Underlying Lawsuit").[2] On March 5, 2021, Plaintiffs filed an amended petition.[3]

16. The Underlying Plaintiffs have alleged that they are licensed massage therapists who purchased and used skin care crèmes that that were marketed and sold by Natural Thoughts, Inc. under the name "Biotone." The Underlying Plaintiffs further allege that they have each suffered from skin problems and immunological disorders as a result of their use of the Biotone products. Their causes of action against Natural Thoughts, Inc. include strict products liability, negligence, breaches of warranty, and violations of the state consumer protection statute.

17. Defendant, Kathy Jo Welty, has alleged that she first began using Biotone products between 2000 and 2002, and that she used Biotone's Relaxing Therapeutic Massage Crème, Dual Purpose Massage Crème, and Advanced Therapy Massage Lotion, in her massage therapy practice from the middle of the year 2014 until January 2019. Further, Ms. Welty alleges that she was experiencing significant rashes, breakouts, and other serious problems with her skin and body by January 2019, and that she stopped using the Biotone products in the middle of February 2019. Ms. Welty alleges that her use of the Biotone products has

---

[2] *See* Exhibit "B," a copy of Plaintiffs' Original Petition and Request for Disclosure.
[3] *See* Exhibit "C," a copy of Plaintiffs' First Amended Petition and Request for Disclosure.

caused her to suffer from persistent and painful skin rashes; difficulty breathing; sleep disturbances; loss of vision; and hair loss.

18. Defendant, Deborah Key, has alleged that she began to use Biotone Dual Purpose Massage Crème in the year 1999, and that she developed skin problems during this time. Ms. Key further alleges that she continued to use the products, including Biotone Dual Purpose Massage Crème, Biotone Herbal Select Body Therapy Massage Crème, Biotone Advanced Therapy Massage Lotion, and Biotone Advanced Therapy Massage Gel, in her massage therapy practice between 1999 and 2015. As a result of these products, Ms. Key has allegedly suffered from serious skin conditions, including rashes, blisters, hives, pain, and bleeding; hair loss; sleep problems; and immunological disorders.

19. Thus, the Underlying Plaintiffs have clearly alleged that their use of the Biotone products, and resulting injuries, occurred prior to the Policy's Retroactive Date and commencement date on November 7, 2019.

20. Admiral issued a Reservation of Rights Letter to Natural Thoughts, Inc. wherein it has agreed to participate in the defense, subject to its reservation of rights.

21. The Policy's Commercial General Liability coverage form contains the following provisions and exclusions which preclude any duty to defend or indemnify Natural Thoughts, Inc. in the Underlying Lawsuit:

\* \* \*

1. **Insuring Agreement**

    a. **We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for**

    **"bodily injury" or "property damage" to which this insurance does not apply. (\*\*\*).**

  **b. This insurance applies to "bodily injury" and "property damage" only if:**

    **(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";**

    **(2) The "bodily injury" or "property damage" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period; and**

    **(3) A claim for damages because of the "bodily injury" or "property damage" is first made against any insured, in accordance with Paragraph c. below, during the policy period... (\*\*\*).**

      **\*   \*   \***

    **PRE-EXISTING DAMAGE EXCLUSION**

**This insurance does not apply to:**

**1. Any damages arising out of or related to "bodily injury" or "property damage", whether such "bodily injury" or "property damage" is known or unknown,**

  **(a) which first occurred prior to the inception date of this policy (or the retroactive date of this policy, if any; whichever is earlier); or**

  **(b) which are, or are alleged to be, in the process of occurring as of the inception date of the policy (or the retroactive date of this policy, if any; whichever is earlier) even if the "occurrence" continues during this policy period. (\*\*\*)**

      **\*   \*   \***

  22. In addition, the Policy's Commercial General Liability coverage form contains the following exclusions:

      \*   \*   \*

**2.     Exclusions**

**This insurance does not apply to**

**a.     Expected Or Intended Injury**

**"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.**

**\*          \*          \***

### HEALTH, NUTRITION & LIFESTYLE EXCLUSIONS
### DESIGNATED PRODUCTS, SUPPLEMENTS AND ADDITIVES EXCLUSION

**\* \* \***

**This insurance does not apply to liability, injury or damages of any kind, to include but not limited to "bodily injury", "property damage" and "personal and advertising injury", including costs or expenses, actually or allegedly arising out of, related to, caused by, contributed to by, or in any way connected with the manufacturing, distribution, sale, disposal, testing, handling, application, consumption or use of, or exposure to, any of the products, supplements or additives listed in the Schedule below, or to any other products which contain any of the products, supplements or additives listed in the Schedule below, or to any products which contain products similar to the chemical formulary of the products, supplements or additives listed in the Schedule below, or to any product which is a derivative of a product, supplement or additive listed in the Schedule below, or to any product, supplement or additive which is generally known in the trade in which it is used as having a formulation, structure or function similar to those listed in the Schedule below, by whatever name manufactured, distributed or sold.**

### SCHEDULE

> **Any product, supplement, additive, substance, ingredient or compound manufactured, imported, formulated, sold or distributed by you or on your behalf by others, in violation of any regulation or law.**
> **(\*\*\*)**

**We shall have no duty to investigate, defend or indemnify any insured against any loss, claim, "suit" or other proceeding alleging injury or damage of any kind, including but not limited to "bodily injury", "property damage" or "personal and advertising injury" to which this amendment applies.**

\*          \*          \*

## KNOWN EVENT, INCIDENT, INJURY OR DAMAGE EXCLUSION

\* \* \*

**This insurance does not apply to those sums that the insured becomes legally obligated to pay because of "bodily injury", "property damage" or "personal and advertising injury", to include all SUPPLEMENTARY PAYMENTS, arising out of: if such "occurrence", claim, offense, "suit", condition, circumstance, event, incident, "bodily injury", "property damage" or "personal and advertising injury" is or was known to any insured prior to the earliest of the following dates:**

(a)     any "occurrence", claim, offense or "suit"; or

(b)     any event, incident, circumstance or condition that may reasonably be expected to result in an "occurrence", claim, offense or "suit"; or

(c)     any "bodily injury", "property damage" or "personal and advertising injury",

(d)     The beginning of the policy period shown in the Declarations of this policy; or

(e)     The beginning of "continuous claims-made coverage".

**"Continuous claims-made coverage" means coverage provided by claims-made policies issued by us to you that have been kept in force without interruption from the beginning of the policy period shown in the Declarations of the first such claims-made policy.**

\*          \*          \*

## PUNITIVE DAMAGES EXCLUSION

\* \* \*

**This insurance does not apply to punitive or exemplary damages, in whatever form assessed, awarded against any insured.**

\* \* \*

### FORMALDEHYDE EXCLUSION (ABSOLUTE)

\* \* \*

**This insurance does not apply to liability, injury or damages of any kind, to include but not limited to "bodily injury", "property damage" and "personal and advertising injury", including costs or expenses, actually or allegedly arising out of, related to, caused by, contributed to by, or in any way connected with the manufacturing, handling, distribution, sale, application, consumption or use of any product which:**

**a.   Is known as formaldehyde;**

**b.   Contains formaldehyde;**

**c.   Has the same chemical formulary as formaldehyde;**

**d.   Is a formaldehyde derivative**

**e.   Is a formaldehyde resin or plastic, including but not limited to urea-formaldehyde, phenolformaldehyde, resorcinol-formaldehyde and melamine-formaldehyde; or**

**f.   Is generally known in the trade in which it is used as having a like formulation, structure or function as formaldehyde, by whatever name manufactured, sold or distributed.**

**It is further agreed that for any claim made or "suit" brought which is excluded under the terms of this endorsement, the Company shall not have the obligation to defend, adjust, investigate or pay any cost for investigation, defense, attorney fees or adjustment arising out of such claims.**

\* \* \*

23.   The Policy's Health Nutrition and Lifestyle Professional Liability Insurance Coverage form, set forth in Coverage D, contains the following provisions which preclude any duty to defend or indemnify Natural Thoughts, Inc. dba Biotone in the Underlying Lawsuit:

\* \* \*

**COVERAGE D - I. INSURING AGREEMENTS**

A. **We will pay on behalf of the Named Insured those amounts which the Named Insured is legally obligated to pay as damages caused by a professional incident taking place within the "coverage territory" and occurring in its entirety after the Retroactive Date shown in the ADDITIONAL DECLARATIONS SCHEDULE above and before the end of the policy period, for which a claim is first made against the Named Insured during the policy period or any extended reporting period we provide.**

B. **We have the right and duty to defend any claim brought against the Insured seeking damages caused by a professional incident to which this coverage applies, including the right to appoint counsel to defend the Insured, and will do so even if any of the allegations of the claim are groundless, false or fraudulent. We may make such investigation of any claim as we deem expedient. Our right and duty to defend ends when we have used up the applicable Limits of Insurance in the payment of damages and/or claim expenses, or have tendered the applicable Limits of Insurance to a court of competent jurisdiction. We have no obligation or duty under this coverage to defend any claim for which coverage is excluded hereunder or not otherwise afforded by this coverage and we are not obligated hereunder to pay any claim expenses incurred by the Insured in the defense of any claim not covered by this coverage. (\*\*\*).**

\*          \*          \*

24. In addition, the Policy's Health Nutrition and Lifestyle Professional Liability Insurance Coverage form, set forth in Coverage D, contains the following exclusions:

**COVERAGE D - III. EXCLUSIONS**

**This coverage does not apply to:**

B. **Any claim based upon or arising out of, in whole or in part, directly or indirectly, a dishonest, fraudulent, criminal or malicious act;**

F. **Any claim based upon or arising out of, directly or indirectly, in whole or in part, any piracy or unfair competition, unfair or false**

      **advertising, unfair trade practice or unfair business practice; or any misappropriation, infringement, or use of a copyright, title, slogan, patent, trademark, trade name, trade dress, service mark, domain name, trade secret or any other violation of an intellectual property right or law;**

**G.**     **Any claim based upon or arising out of, directly or indirectly, in whole or in part, "bodily injury", "property damage", or "personal and advertising injury";**

**H.**     **Any claim based upon or arising out of, in whole or in part, directly or indirectly, express warranties or guarantees;**

**M.**     **Any claim based upon or arising out of, in whole or in part, directly or indirectly, the deficiency or malfunction of any product, any process or technique that is not described in the definition of professional services or any product or equipment which is sold, manufactured or furnished by or on behalf of the Insured;**

**N.**     **Any claim based upon or arising out of, directly or indirectly, any claim or circumstance that is reported to any other insurer by any Insured prior to the effective date of this coverage;**

**O.**     **Any professional incident, condition, circumstance or event that is or was known to any insured prior to the earliest of the beginning of the policy period shown in the Declarations of this policy or the effective date of this coverage, whichever is later;**

**R.**     **Any claim based upon or arising out of, in whole or in part, directly or indirectly, the failure of goods, products or services to conform with any statement of quality or performance made in any advertisement.**

*       *       *

**IV.**
**<u>DECLARATORY JUDGMENT</u>**

25. The foregoing paragraphs are incorporated herein by reference.

26. An actual controversy exists between the Plaintiff and the Defendants with respect to insurance coverage for the Underlying Lawsuit. Plaintiff respectfully requests that this Court declare the rights, status, and legal obligations of the parties in connection with the

facts set forth herein, the Underlying Lawsuit, the Policy, and the established law. Specifically, Plaintiff asks this Court for a declaration that no duty to defend Natural Thoughts Inc. in connection with the Underlying Lawsuit exists, or has ever existed, under the Policy. Plaintiff further asks this Court for a declaration that no duty to indemnify Natural Thoughts Inc. in connection with the Underlying Lawsuit exists, or has ever existed, under the Policy.

27. The requirements for coverage under the Policy's Commercial General Liability coverage part have not been satisfied, and Admiral has no duty to defend or indemnify Natural Thoughts, Inc. in this matter, because the Underlying Plaintiffs have alleged that their bodily injuries occurred prior to the Retroactive Date, and prior to the Policy's inception date.

28. Further, because the Underlying Plaintiffs' factual allegations establish that their alleged bodily injuries first occurred, or were in the process of occurring, prior to the Policy's inception date, and prior to the Policy's Retroactive Date, the Pre-Existing Damage Exclusion bars coverage for the Lawsuit under the Policy's Commercial General Liability coverage part.

29. In addition, the claims in the Underlying Lawsuit may be precluded by the application of one or more of the exclusions identified in Paragraph 22 herein, including the exclusion in Section 2.a. for Expected or Intended Injury; the Designated Products, Supplements and Additives Exclusion; the Known Event, Incident, Injury or Damage Exclusion; the Punitive Damages Exclusion; and/or the Formaldehyde Exclusion (Absolute).

30. There is also no coverage for the Underlying Lawsuit under the Policy's Health, Nutrition and Lifestyle Professional Liability coverage part, set forth in Coverage D, because the factual allegations in the Underlying Lawsuit have clearly established that the alleged professional negligence, if any, of Natural Thoughts, Inc. began prior to the Policy's

Retroactive Date, and the Underlying Plaintiffs have not alleged that any professional incident occurred "in its entirety" after the Retroactive Date. Thus, the essential coverage requirements under the Policy's Health, Nutrition and Lifestyle Professional Liability coverage part have not been satisfied, and Admiral has no duty to defend or indemnify Natural Thoughts, Inc. under Coverage D.

31. In addition, the claims in the Underlying Lawsuit may be precluded from coverage by the application of one or more of the Coverage D exclusions identified in Paragraph 24 herein, including Exclusions B., F., G., H., M., N., O., and R.

## V.
## JURY DEMAND

32. Admiral hereby demands a trial by jury for all issues of fact.

## VI.
## ATTORNEY'S FEES

33. Admiral has retained the undersigned law firm to represent it in this action and has agreed to pay the firm reasonable and necessary attorney's fees. Admiral seeks its reasonable attorney's fees incurred in this action, pursuant to the provisions of the Declaratory Judgment Act.

## VII.
## CONDITIONS PRECEDENT

34. All conditions precedent to Admiral's claims herein have been legally satisfied.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Admiral Insurance Company, respectfully asks the Court for the following judgment against the Defendants, Natural Thoughts, Inc. dba Biotone; Kathy Jo Welty; and Deborah Key:

a. A declaration that no duty to defend Natural Thoughts, Inc. in connection with the Underlying Lawsuit exists, or has ever existed, under the Policy;

b. A declaration that no duty to indemnify Natural Thoughts, Inc. in connection with the Underlying Lawsuit exists, or has ever existed, under the Policy;

c. Reasonable and necessary attorneys' fees and costs incurred in prosecuting this action;

d. Cost of Court;

e. Prejudgment and post-judgment interest as provided by law; and

f. For such other and further relief to which Plaintiff may show itself justly entitled.

Respectfully submitted,

**RYMER, ECHOLS, SLAY & NELSON-ARCHER, P.C.**

By: _____
Nathan M. Rymer
State Bar No. 00792814
Federal ID No. 18902
nrymer@resnlaw.com
Claire V. Ries
State Bar No. 24075214
Federal ID 3504925
2801 Post Oak Blvd., Suite 250
Houston, Texas 77056
Telephone: (713) 626-1550
Facsimile: (713) 626-1558

ATTORNEY-IN-CHARGE FOR PLAINTIFF ADMIRAL INSURANCE COMPANY